[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUPPRESS
On March 15, 1991, the defendant, John C. Franco, filed the instant Motion to Suppress. As elucidated at the evidentiary hearing conducted on May 21, 1991, the defendant has asked this Court to suppress any and all evidence resultant from the stop of the defendant's motor vehicle.
FACTS
On February 23, 1991, at approximately 2:15 A.M., Sergeant Tom Mrozek, Fairfield Police Department, was on duty as patrol supervisor for the Kings Highway area. Sergeant Mrozek observed a Lincoln Town car, operated by the defendant, travelling east on Kings Highway. The vehicle was proceeding very slowly — under 25 miles per hour in a 35 miles per hour zone — with the driver applying the brakes frequently while approaching a traffic circle. After coming to a full stop at a stop sign, the vehicle continued on very slowly — 15 miles per hour in a 25 miles per hour zone — again with the driver braking the automobile continuously through corners. By this time the vehicle was on Johnson Drive, which leads into an on ramp for Interstate 95.
Sergeant Mrozek received training in the detection of "driving under the influence" at the Connecticut State Police Academy and thereafter attended seminars on the same subject at CT Page 5141 the State Toxicology Laboratory. Sergeant Mrozek now serves as the Fairfield Police Department's training instructor for the Intoximeter 3,000, a testing device which measures blood/alcohol ratios. Additionally, in 14 years as a law enforcement officer Sergeant Mrozek has made "a couple of hundred DWI arrests."
While following the vehicle Sergeant Mrozek originally thought that the driver might be lost but, after watching the "driving style" and head movements of the driver, who didn't stop, look around or ask directions, Sergeant Mrozek concluded that the driver knew exactly where he was going and was simply travelling very slowly. From his training and experience and based on his observations, Sergeant Mrozek believed that the operator of the vehicle might be operating under the influence of alcohol. Sergeant Mrozek thought that the driver was being overly cautious in the operation of the vehicle, including the braking at relatively easy turns, and that the driver was driving extremely slowly. From his training and experience, two indicators of DWI drivers are slow speed and overly cautious operation. On the basis of these two indicators, Sergeant Mrozek stopped the vehicle. Subsequent to failing certain sobriety tests, the defendant was arrested.
LEGAL DISCUSSION
The sole issue to be decided IS whether or not the officer had sufficient cause to conduct an investigatory stop of the defendant's motor vehicle.
Law enforcement officials are permitted to make investigatory stops of motor vehicles, pursuant to Terry v. Ohio, 392 U.S. 1 (1968), if certain criteria are satisfied. First, there must be some objective indication that the driver or other occupant of the vehicle is involved in some type of criminal behavior. United States v. Hensley, 469 U.S. 221,226-29 (1985), State v. Lamme, 19 Conn. App. 594, 599 (1989), affirmed 216 Conn. 172 (1990). Second, the officer must have a particularized and objective basis for suspecting the driver of criminal activity, based on the totality of the circumstances. State v. Aillon, 202 Conn. 385, 399 (1987) (Aillon VI). The final criterion relevant here is that the particularized suspicion must be reasonable and articulable and contain an assessment based upon all the circumstances, including the objective observations of the detaining officer and consideration of the modes of operation of certain kinds of law breakers from which a trained law enforcement officer draws inferences and makes deductions based upon expertise and professional experience, and this assessment must raise a suspicion that the individual being stopped is or has been engaged in wrongdoing. Id. at 399-402; State v. Aversa, 197 Conn. 685, CT Page 5142 690-92 (1985).
This Court finds that, based on the totality of the circumstances, there was a particularized and objection basis for suspecting the defendant of driving under the influence. Sergeant Mrozek's suspicion was reasonable and articulable. The defendant's slow speed and mode of operation of his vehicle, including braking at relatively easy turns and being overly cautious, led Sergeant Mrozek, based on training and experience, to suspect that the defendant might be operating under the influence.
Neither the United States Constitution nor the Connecticut Constitution require the police to have probable cause to arrest in order to detain a suspect for investigation. Adams v. Williams, 407 U.S. 143 (1972); State v. Lamme, 216 Conn. 172
(1990). The Connecticut Supreme Court in Lamme stated:
"Balancing the circumscribed nature of a Terry stop intrusion against the serious risks of criminal behavior, especially in the context of the risks associated with driving while under the influence of intoxicating liquor, we are persuaded that the defendant's brief detention did not violate his due process rights". Id. at 184 (footnote omitted).
Based on the foregoing, this Court finds that there was sufficient cause to conduct an investigatory stop of the defendant's motor vehicle. Accordingly, the defendant's Motion to Suppress is denied.
So ordered.
Michael Hartmere, Judge.